UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06426-DFM | Date: | October 30, 2026 |
| Title | Eiza Yasmari Cordon Yanez v. Markwayne Mullin et al | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Denying Ex Parte Application for Temporary Restraining Order (Dkt. 7)**

Petitioner Eiza Yasmari Cordon Yanes has filed a counseled Petition for Writ of Habeas Corpus (Dkt. 1, "Petition") and Ex Parte Application for Temporary Restraining Order (Dkt. 7, "TRO Application"). Petitioner has consented to Magistrate Judge jurisdiction. See Dkt. 3. The TRO Application seeks Petitioner's immediate release under reasonable lawful supervision or, alternatively, a conditional order requiring a constitutionally adequate custody redetermination hearing under 8 U.S.C. § 1226(a) within seven (7) days, with release required upon failure to comply. See TRO Application at 19-20.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a TRO, a petitioner must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the petitioner's favor; and (4) that an injunction is in the public interest. See id. at 20. "The first factor 'is a threshold inquiry and is the most important factor.'" Baird v. Bonta, 81 F.4th 1036, 1042 (9th Cir. 2023) (citation omitted). "When, like here, the nonmovant is the government, the last two Winter factors 'merge.'" Id. (citations omitted).

Central District of California General Order No. 26-05 sets an accelerated briefing schedule and process for petitions under § 2241 seeking the type of immigration-related relief sought here. Under that General Order, Respondents' answer to the Petition is due by November 5, 2026, and any reply is due no later than three calendar days thereafter. See Dkt. 5. Applications for TROs "should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Given the status of the briefing in this case and the nature of the harm alleged, Petitioner has not demonstrated the kind of "imminent, irreparable harm" that cannot be addressed on the expedited briefing schedule entered in this case by the General Order. Petitioner asserts the deprivation of constitutional rights. The Court recognizes that the Ninth Circuit has held that this type of injury can constitute irreparable injury. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). However, asserting a constitutional claim does not automatically entitle a petitioner to emergency relief. If the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant consideration of an emergency TRO.

Accordingly, the Application is **DENIED**. The Petition will proceed under General Order 26-05.