**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| EIZA YASMARI CORDON YANEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-06426-DFM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Eiza Yasmari Cordon Yanez ("Petitioner"), an eighteen-year-old high school student in civil immigration detention, has filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). The Court denied Petitioner's application for a Temporary Restraining Order. See Dkt. 8. On November 3, 2026, Respondents filed a response to the Petition. See Dkt. 11 ("Response"). The next day, Petitioner filed a reply. See Dkt. 12 ("Reply"). On the Court's order, Respondents filed a supplemental brief. See Dkts. 13, 14 ("Supp. Resp."). Petitioner filed a supplemental reply. See Dkt. 15 ("Supp. Reply"). For the reasons set forth below, the Petition is **GRANTED** in part and **DENIED** in part.

As set forth below, Respondents are ordered to release Petitioner unless she is provided with an individualized bond hearing before an Immigration Judge ("IJ") under 8 U.S.C. § 1226(a) within seven (7) days.

## II. BACKGROUND

### A. Petitioner's Initial Entry and Release

Petitioner is a native and citizen of Honduras. See Answer, Ex. 1 ("Form I-213") at 1, 3; Petition ¶¶ 36, 38.[1] Petitioner entered the United States with her mother and siblings on June 12, 2023, when she was fourteen years old. See Form I-213 at 3; Petition ¶ 37. Petitioner and her family were served with a Notice to Appear, charging them under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I). See Form I-213 at 3; Petition ¶ 37.

The record reflects that Petitioner and her family were permitted to remain in the community while pursuing immigration proceedings subject to reporting requirements administered through the Intensive Supervision Appearance Program ("ISAP"). See Petition ¶¶ 47-48. The record neither specifies the statute under which Petitioner and her family were released nor includes a copy of the release instrument.

Petitioner and her family lived in the community for more than three years during the pendency of their immigration proceedings. See id. ¶ 27. Before her re-detention, Petitioner attended high school and lived with her mother and siblings. See id. ¶¶ 39-40. Petitioner has no criminal history. See id. ¶ 23.

---

[1] When citing the Form I-213, the Court uses the document's internal pagination. The Court otherwise cites CM/ECF pagination.

### B. Petitioner's Removal Proceedings

On July 7, 2026, an Immigration Judge ("IJ") denied Petitioner and her family's application for protection and ordered them removed to Ecuador or, alternatively, Guatemala. See id. ¶ 70; Form I-213 at 3. On August 3, the family's prior immigration counsel filed a case appeal with the Board of Immigration Appeals ("BIA"). See Form I-213 at 3; Petition ¶ 71. The BIA rejected the submission due to issues with the accompanying fee-waiver request. See Petition ¶ 71. The corrected appeal was not timely submitted; current counsel contends that prior counsel provided ineffective assistance. See id. ¶¶ 72, 75.[2] On September 17, the BIA summarily dismissed the appeal after finding that the family had not established sufficient grounds to excuse the late corrective submission; the BIA did not substantively adjudicate the underlying asylum claim on appeal. See id. ¶¶ 73-74; Form I-213 at 3; see also Yanez Martinez, et al. v. Blanche, No. 26-6703 (9th Cir.), Dkt. 2 ("BIA Dismissal").

On October 11, the family submitted a petition for review and motion to stay removal to the Ninth Circuit. See Petition ¶¶ 78, 81; see also Yanez Martinez, et al. v. Blanche, No. 26-6703 (9th Cir.), Dkts. 1, 3. On October 13, the Ninth Circuit entered a stay of removal. See Petition ¶ 80; Yanez Martinez, et al. v. Blanche, No. 26-6703 (9th Cir.), Dkt. 5.

### C. Petitioner's Re-Detention

On October 1, 2026, Petitioner and her family appeared at an ISAP reporting office, where officers arrested them. See Petition ¶¶ 2, 49; Form I-213 at 2; Supp. Resp., Ex. 1 (Form I-205 Warrant of Removal/Deportation dated

---

[2] Current counsel's ineffective assistance allegations "are separately presented through a motion to reopen and related immigration proceedings." Petition ¶ 76. "Petitioner does not request that this Court resolve the ineffective-assistance claim or adjudicate the merits of asylum through this habeas proceeding." Id. ¶ 77.

October 1, 2026). U.S. Immigration and Customs Enforcement transferred the family to Texas in anticipation of removal and subsequently returned them to California. See Petition ¶ 61.

On or about October 13, 2026—the same day the Ninth Circuit temporarily stayed the family's removal—the Department of Homeland Security ("DHS") released Petitioner's mother and two younger siblings under terms of supervision, including electronic monitoring. See id. ¶¶ 9, 62-63. Petitioner was excluded from that arrangement. See id. ¶ 10.

Through immigration counsel, Petitioner requested a custody redetermination under 8 U.S.C. § 1226(a). See id. ¶ 85. On October 27, 2026, an IJ denied Petitioner's custody redetermination request on the grounds that she was subject to an administratively final removal order and "thus . . . detained pursuant to INA Section 241(a)," 8 U.S.C. § 1231(a), and the Immigration Court lacked jurisdiction to conduct a bond hearing. See id. ¶¶ 85-87; Supp. Resp., Ex. 2 ("Bond Denial") at 2. Petitioner reserved appeal, with an appeal due November 27, 2026. See Bond Denial at 3. The record does not indicate whether Petitioner has appealed to the IJ's bond denial to the BIA.

**D. This Action**

Petitioner filed the Petition on October 29, 2026. Petitioner alleges three claims: (1) continuing detention under an erroneous post-removal detention classification (Count One), see Petition ¶¶ 217-23; (2) deprivation of established supervised liberty without constitutionally adequate process (Count Two), see id. ¶¶ 224-31; and (3) denial of meaningful access to § 1226(a)'s individualized custody process (Count Three), see id. ¶¶ 231-36. Petitioner seeks a writ of habeas corpus ordering her release from custody or, alternatively, an individualized custody redetermination hearing under § 1226(a) within seven days, with release required upon noncompliance. See id. at 46-47; Reply at 18; Supp. Reply at 21.

With their Answer, Respondents contend that Petitioner has a final removal order and cannot show that her detention beginning October 1, 2026, is unreasonable per the standard set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678, (2001). See Answer at 2-3. Respondents argue that the Petition should be denied. See id. at 3. The Court ordered Respondents to file a supplemental brief addressing the statutory basis for Petitioner's current detention. See Dkt. 13. Respondents "submit that 8 U.S.C. § 1231(a) governed Petitioner's detention." Dkt. 14 (emphasis added). Respondents did not address the statutory basis for Petitioner's current detention.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas, 533 U.S. at 687-88; Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc).

### A. Exhaustion

A noncitizen must ordinarily exhaust available administrative remedies before challenging immigration detention under § 2241. See Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011). A court may excuse exhaustion where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Respondents have not argued exhaustion. As of October 13, 2026, Petitioner remains detained while her family has been released. See Petition ¶¶ 9-10, 62-63. Additionally, Petitioner sought a custody redetermination; the IJ denied bond on jurisdictional grounds. See id. ¶¶ 85-87; Bond Denial at 2.

On this record, the Court declines to dismiss the Petition on exhaustion grounds.

**B. Petitioner Is Entitled to Relief on her Statutory Claims**

**1. Petitioner's Removal Order Is Administratively Final**

As an initial matter, the Court agrees with Respondents that Petitioner's removal order is administratively final. An IJ's removal order becomes final upon dismissal of an appeal by the BIA. See 8 C.F.R. § 1241.1(a). As stated, the BIA dismissed Petitioner and her family's appeal on September 17, 2026. Thus, Petitioner's removal order was administratively final when she and her family were re-detained on October 1, 2026, and remains administratively final today, albeit subject to the Ninth Circuit's stay of her removal. However, the Court agrees with Petitioner that the administrative finality of a removal order is not dispositive of the questions of removal period commencement and, correspondingly, detention authority. See 8 U.S.C. § 1231(a)(1)(B).

**2. The Record Indicates that § 1226(a) Governs Petitioner's Detention**

Detention after a removal order becomes administratively final is ordinarily governed by § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34, 544 (2021). The Government "shall remove" a noncitizen within a 90-day removal period, during which time detention is mandatory. See 8 U.S.C. § 1231(a)(1)-(2). The removal period begins on the latest of three dates: (1) the date the removal order becomes administratively final; (2) if the removal order is judicially reviewed and a court orders a stay of removal, "the date of the court's final order"; or (3) the date of release from non-immigration detention. See 8 U.S.C. § 1231(a)(1)(B).

If Petitioner's 90-day removal period began on September 17, 2026, it would continue through December 16, 2026. However, Petitioner's petition for review of the BIA's dismissal and the Ninth Circuit's temporary stay of

removal affects the statutory basis for Petitioner's current detention. See Prieto-Romero v. Clark, 534 F.3d 1053, 1059-61 n.5 (9th Cir. 2008) (recognizing that "the time between an alien's filing of a petition for review and this court's issuance of a stay of removal falls within a lacuna in the statutory text"); see also Cardenas v. Blanche, No. 26-01487, 2026 WL 2110631, at *2 (D. Nev. July 21, 2026) (acknowledging that a noncitizen had the right to petition the Ninth Circuit for review of the BIA's summary denial of her appeal of an IJ's removal order and agreeing that she was "within the statutory 30-day window to petition for review and accordingly the removal period mandating detention has not begun").

The Ninth Circuit has noted that the statutory language governing the detention of a noncitizen whose removal order is administratively final but whose removal has been stayed by a court of appeals pending its disposition of the noncitizen's petition for review "is not a model of clarity." Prieto-Romero, 534 F.3d at 1058. The Ninth Circuit has held that a stay entered while it reviews a removal order delays the removal period, and detention during that review accordingly rests on § 1226(a), not § 1231(a). See id. at 1059-61; see also Avilez v. Garland, 69 F.4th 525, 537-38 (9th Cir. 2023) (extending § 1226(c) to authorize the detention of applicable noncitizens during the judicial review phase of removal proceedings). By contrast, a stay entered while the court reviews a collateral ruling does not delay the start of the removal period. See Prieto-Romero, 534 F.3d at 1060 n.6 ("[T]he entry of a stay of removal for any other reason—for example, a stay entered while a court reviews an alien's § 2241 habeas petition or petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning."); Diouf v. Mukasey, 542 F.3d 1222, 1229-30 (9th Cir. 2008) (stays pending review of reopening denials "did not entail judicial review of a removal order"). Thus, the central question is whether Petitioner's petition for

review challenges a "final order of removal" or something else. See 8 U.S.C. § 1231(a)(1)(B)(ii); Prieto-Romero, 534 F.3d at 1060 n.6.

Petitioner and her family's petition for review challenges the BIA's summary dismissal of the family's appeal from the IJ's removal order. See Yanez Martinez, et al. v. Blanche, No. 26-6703 (9th Cir.), Dkt. 1. The BIA's dismissal order states that Petitioner's appeal was summarily dismissed under 8 C.F.R. § 1003.1(d)(2). See BIA Dismissal ("The appeal is therefore untimely, and it will be summarily dismissed pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(G)."). DHS recently revised the regulations regarding BIA appeals to state that "[a]n order dismissing any appeal pursuant to . . . paragraph (d)(2) shall constitute the final decision of the Board, and 'the final order of removal' for purposes of [8 U.S.C. § 1252(b)(1)]." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5271, 5277 (Feb. 6, 2026) (adding the quoted language to 8 C.F.R. § 1003.1(d)(2)).[3] Thus, the regulations treat the BIA's summary dismissal that Petitioner has petitioned the Ninth Circuit to review as a "final order of removal" for purposes of 8 U.S.C. § 1252(b)(1). See 8 C.F.R. § 1003.1(d)(2)(iii). "Under the presumption of consistent usage, a word or phrase is presumed to bear the same meaning throughout a text." Meza-Carmona v. Garland, 113 F.4th 1163, 1167 (9th Cir. 2024).

Accordingly, the Court concludes that the judicial stay of removal entered in Petitioner's petition for review should be treated like the stay entered pending review of a removal order in Prieto-Romero as opposed to the stay entered pending review of a reopening ruling discussed in Diouf. See Cardenas, 2026 WL 2110631, at *2 (applying Prieto-Romero where a

[3] A district court in the District of Columbia has declared invalid and set aside this rule's "substantive portions." See Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Review, 822 F. Supp. 3d 119, 168 (D.D.C. 2026).

noncitizen had a pending petition for review of a BIA summary dismissal). Thus, Petitioner's current detention is not governed by § 1231(a).

As Petitioner highlights in her Reply, Respondents did not raise an alternative § 1225 theory. See Reply at 9; Supp. Reply at 10-11. Nor have Respondents identified a criminal predicate for § 1226(c); the record reflects that Petitioner has no criminal history. See Reply at 9; Petition ¶ 23. The Court concludes that on this record, Petitioner's detention is governed by 8 U.S.C. § 1226(a). See Prieto-Romero, 534 F.3d at 1059-61. Considering the Ninth Circuit's temporary stay of Petitioner's removal, "only if [the Ninth Circuit] enter[s] a final order denying [Petitioner's] petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a)." Id. at 1062.

Accordingly, as a § 1226(a) detainee, Petitioner is entitled to the procedural protections that § 1226(a) provides, including a custody redetermination hearing before an IJ. As set forth below, the Court will order Respondents to release Petitioner unless she is provided with a § 1226(a) bond hearing before an IJ within seven (7) days, with instructions that the IJ has jurisdiction to consider bond. At the hearing, Petitioner must show by a preponderance of the evidence that she is neither a flight risk nor a danger to the community. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022). If the IJ considers a monetary bond, the IJ must consider Petitioner's financial circumstances and alternative conditions of release. See Hernandez v. Sessions, 872 F.3d 976, 990-91 (9th Cir. 2017).

If the IJ declines to grant Petitioner release on bond, Petitioner may appeal the IJ's order to the BIA in accordance with all applicable authorities. If Petitioner's BIA appeal is unsuccessful or if Petitioner can demonstrate why the prudential exhaustion requirement should be excused, Petitioner may file

another habeas petition raising a reviewable question of law or mixed question of law and fact. See Martinez v. Clark, 124 F.4th 775, 781-85 (9th Cir. 2024); Leonardo, 646 F.3d at 1160-61; Laing, 370 F.3d at 1000.

## C. Petitioner Is Not Entitled to Relief on her Constitutional Claim

Count Two challenges the deprivation of Petitioner's liberty without process. The Fifth Amendment protects "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. To analyze a procedural due process claim, a court engages in a two-step analysis: "First, we determine whether the [claimant] was deprived of a constitutionally protected liberty or property interest. Second, we examine whether that deprivation was accompanied by sufficient procedural protections." Johnson v. Ryan, 55 F.4th 1167, 1179 (9th Cir. 2022).

Petitioner claims a liberty interest in her prior supervised release under ISAP. See Petition ¶¶ 225, 229; id. at 46. As stated, Petitioner's release instrument is not in the record, and the Court is unclear of its precise contours. In any case, at the time of Petitioner's re-detention on October 1, 2026, Petitioner's removal order was administratively final, see 8 C.F.R. § 1241.1(a), and the Ninth Circuit had not yet stayed her removal. Petitioner acknowledges that the BIA dismissal was a change in the procedural posture preceding arrest. See Reply at 13; Supp. Reply at 14. Under these circumstances, the Court cannot conclude that Petitioner had a liberty interest in her continued supervised release at the time of her re-detention.

Petitioner may, however, have a liberty interest in freedom from detention generally. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" the Due Process Clause protects). Accordingly, the Court will proceed to step two of the procedural

due process analysis based on Petitioner's more generalized liberty interest in freedom from detention.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz, 53 F.4th at 1206-07 (applying Mathews to immigration detention). Mathews is "a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Id. at 1206.

**The private interest**. This factor weighs in Petitioner's favor. Petitioner's interest in freedom from detention is substantial, particularly considering her age, status as a high-school student, and family separation. However, Ninth Circuit precedent requires the Court to also consider "the process [Petitioner] received during this time" and "the further process that was available to [her], and the fact that [her] detention was prolonged due to [her] decision to challenge [her] removal order." Id. at 1208. Though the Court acknowledges that Petitioner will only obtain the procedural protections she is entitled to as a § 1226(a) detainee following this Court's Order, at this juncture, the Court cannot say that Petitioner is "without process." Id. at 1207.

**The risk of erroneous deprivation**. This factor weighs in Respondents' favor. At the time of her detention, the Ninth Circuit had not yet stayed Petitioner's removal. As discussed above, detention is mandatory during the removal period, which may have begun, at least for a time, on September 17, 2026. See 8 U.S.C. § 1231(a)(1), (a)(2); Prieto-Romero, 534 F.3d at 1059 n.5.

**The government's interest**. This factor weighs in Respondents' favor. In this context, courts "must weigh heavily in the balance that control over

matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." Rodriguez Diaz, 53 F.4th at 1208 (internal quotation marks and citations omitted). "This is especially true when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." Id. "These are interests of the highest order that only increase with the passage of time." Id.

Thus, the Mathews analysis weighs against Petitioner on this record. Accordingly, though the Court is empathetic towards Petitioner's circumstances, the Court declines to order Petitioner's immediate release on her due process claim at this juncture. See id. at 1213-14 (upholding § 1226(a)'s procedures facially and as applied to a petitioner who had received a bond hearing before an IJ). However, as the Ninth Circuit has not foreclosed as-applied challenges to § 1226(a) detention, the Court will deny Count Two without prejudice in case Petitioner's situation changes—for example, if her detention becomes substantially more prolonged, if she is denied access to a bond hearing to which she is entitled, or if her bond proceedings are infected by legal error. See id. at 1213 ("Due process is a flexible concept that varies with the particular situation.") (citation omitted); Martinez, 124 F.4th at 779-80.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **GRANTED IN PART** as follows.

2. Respondents are ordered to arrange for Petitioner Eiza Yasmari Cordon Yanez (A# 241-321-201) to receive an individualized bond hearing before an IJ under 8 U.S.C. § 1226(a) within seven (7) days, with instructions that the IJ has jurisdiction under 8 U.S.C. § 1226(a) to consider bond. At the hearing, Petitioner must show by a preponderance of the evidence that she is neither a flight risk nor a danger to the community. If the IJ considers a

monetary bond, the IJ must consider Petitioner's financial circumstances and alternative conditions of release. Respondents shall provide the IJ with this Order and documentation concerning the Ninth Circuit stay. Petitioner's counsel of record, if any, shall have at least three (3) days' notice of and the opportunity to attend the bond hearing.

3. Respondents are ordered to release Petitioner from custody if Petitioner is not timely provided with the hearing described in paragraph 2.

4. If Petitioner is released, Respondents shall return her lawfully returnable identification and personal property upon her release.

5. Respondents are ordered to file a status report within ten (10) days detailing if and when the bond hearing occurred, if bond was granted or denied. If Petitioner is denied release on bond, Respondents shall lodge a copy of the IJ's order with their status report.

6. Count Two of the Petition and Petitioner's remaining requests for relief are **DENIED** without prejudice.

7. **IT IS FURTHER ORDERED** that Judgment be entered accordingly.

Date: November 16, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge